17-2163. Council, you may proceed. I'm Eric Dixon. I'm the attorney for the appellant, and I'm here to discuss the 1983 action in the U.S. District Court for New Mexico, which was dismissed on a motion to dismiss under Rule 12. Mr. Howell was the victim of a, and set up for a false arrest on planted evidence. And he has brought a claim for malicious abuse of process because there was no probable cause to arrest this individual. Mr. Howell was driving his vehicle legally along 14th Street in Clovis, New Mexico, with a passenger. She asked to use the telephone. After she used the telephone, along comes a state policeman who stops my client and tells him to get out of the vehicle after requesting his license and registration, as well as insurance. The defendant was, in fact, going to, well before the stop, planning to arrest my client on the basis of planted evidence. We put that in our complaint. Paragraph 10, Alvarado intended to falsely arrest and accuse Mr. Howell of criminal activities that were the sole responsibility of his passenger. Council, let me ask you a question about your complaint, and may go a little bit beyond that, but I need some help understanding what claims are in the case at this point. You mentioned false arrest and you mentioned malicious prosecution, and they're both specifically addressed in Paragraph 33 of your complaint. Do we have a separate and independent claim for an unlawful search at this point? I don't know. No. We're just for the malicious abuse of process and the false arrest. We don't think that there's an issue regarding the... I didn't see an argument or a developed argument in your brief, so we're looking at false arrest and malicious prosecution. That's correct. All right. Thank you. But for clarification, didn't the district judge rule on all three? Didn't he rule on the illegal search as well as the qualified immunity on the basis of the... that there wasn't a claim for... or there was no cause of action for evidence that was suppressed under the Fourth Amendment? He seemed to misread the complaint, quite frankly, to state that only the... that there was no Fourth Amendment right to a suppression of evidence. I'm confused. Just probably a yes or no can answer and clarify my confusion. Did you bring a Fourth Amendment illegal search claim? Yes or no? No. And did the district court invent one and rule on it? Yes. Okay. So because you didn't bring a claim, you're not asserting it on appeal, and that issue doesn't need to occupy our attention anymore. That's correct. Thank you. That's correct. He... so we... and that's the basis of our appeal, that the district court decided this on a non-existent Fourth Amendment claim. He also ruled on the false arrest and the false prosecution, so those are issues that are ripe and before us, so I guess we go on to those. That's right. Okay. That's right. But the court below ignored paragraph 17 and the other paragraphs, paragraph 10, regarding the intention to arrest Mr. Howell before the stop, that the passenger was working as an informant and planted drugs on him, alleged drugs, that my client had nothing to do with. In fact, within... shortly after his arrest, he took a urine analysis, which was negative. He had no narcotics in his system whatsoever. The appellee argues for the first time on appeal that my client somehow collaterally has stopped from asserting these claims based on the New Mexico Court of Appeals claim. Now, the problem with that is that it was not pled as an affirmative defense, nor was it brought up in the motion to dismiss. And secondly, the issues were not necessarily determined by the State Supreme Court... State Court of Appeals, and so my client didn't have a fair and full opportunity to litigate those issues. As such, collateral estoppel does not apply to bar my client's claims on that basis. The appellee also argues that the law wasn't clearly established in the Tenth Circuit, and that's just not been established for at least 27 years in the Tenth Circuit, that an officer that makes a false statement may be liable under 1983 for malicious prosecution. Robinson v. Marfaite by 895, Fed 2nd, 649. And then, of course, from the very county in which my client was arrested, Chavez v. Curry County Board of County Commissioners, where the State Supreme Court, State Court of Appeals, excuse me, allowed a 1983 action to go forward for a search and seizure. So we would submit that the law has been clearly established in the Tenth Circuit. The other issue that the district court found dispositive was that there wasn't any causation because the prosecution and the prosecutor prosecuted, and so there's no causation. However, Robinson v. Marfaite, that I've quoted, states that a police officer who deliberately supplies misleading information that influences decision to prosecute cannot hide behind officials who they have defrauded. As far as the exclusionary rule, we don't think that has, and we've an officer has provided false information in order to frame a innocent man, resulting in him spending 17 months incarcerated until he's finally exonerated and freed. You're not trying to exclude any evidence, are you, in your civil case? I mean, exclusionary rule, the cases that were cited from the other circuits are usually cases where there's some real evidence that a guy did something bad. And in a civil case, the defendant doesn't want that real claims. So he tries to exclude it. In your case, as I understand, you're saying the evidence that we're trying to bring in about the officer's conduct is we're not trying to exclude it at all. In fact, it's the very basis for our our claim. That's that's exactly right. Please bring bring it in. We want to see this. So so any cases that say you can't in a civil case get the benefit of exclusionary rule, I guess your point is, well, you're not trying to exclude anything. That's right. So I mean, my position is so what? We're not trying to exclude anything. But even even assuming that somehow the exclusionary rule were to be applicable, there's nothing to that states of the exclusionary rule cannot be used in a civil case. Although I don't want to get too far afield because we're not using that. Right. Not the thrust of our argument. But, you know, there was one other thing that I noticed about those cases, the three cases that had excluded evidence were cases where the reason for the evidence not coming in in the criminal case was because of some improper conduct by the officer that that we want to deter, even though the evidence was real. The evidence is damaging. They found something really bad. But in the criminal case, we're saying the officer's conduct is such that we want to deter that conduct by not letting that real evidence come in. I saw no case where the exclusion applies exclusionary place when it isn't that the officer did something bad, but that the evidence itself was real. I mean, in this case, you're trying to say that the evidence was not real. And so so instead of saying we're trying to rely on something that the officer did to exclude, you're trying to say here the evidence is real. And therefore, there is no reason to exclude that evidence. That's right. It's planted evidence. My client never had it. So the method that the evidence that they found, the meth pipe, you're not saying that shouldn't be considered. It should not be considered. No, it's if they found it. It was. But it's not my clients. I understand. But you're not you're not arguing that that should be excluded from consideration that they actually found. That's correct. That's correct. And I'll reserve the rest of my argument for rebuttal with the court's permission. Thank you. May it please the court, Daniel Mackey here on behalf of the appellee, Noe Alvarado. I'm struggling with the fact that I think a lot of things are being argued that weren't pled in the complaint. The complaint, as we read it in the court below, and I think as the district court interpreted it, didn't allege that the officer planted evidence. This arose predominantly in plaintiff's response brief in the court below where the appellant says, Mr. Alvarado's informant placed the alleged contraband in Mr. Howell's pickup truck and in the cigarette wrapper. Mr. Howell was set up for an illegal, wrongful arrest and malicious prosecution by Officer Alvarado. He cites several paragraphs in the complaint, such as paragraph 8, which is the allegation that Officer Alvarado, I'm sorry, the plaintiff was handed a pack of cigarettes and accepted it without question. He cites paragraph 11 that the cigarettes didn't belong to him and that he tried to explain this to the officer and that the officer, paragraph 17, the officer had planned this arrest from the beginning and that this passenger named Medina was working as an informant. That what you just said just now is part of the allegations below? Yes, in the complaint. In the complaint. So I'm confused where you're saying this wasn't raised. Plaintiff gets very close to alleging that the officer had this pre-planned idea to investigate or arrest the plaintiff for false evidence. But didn't you just read some allegations in the complaint that essentially alleged that? What I believe was alleged was that there was an informant that was working for the officer and that the informant planted the evidence. But the informant was working with the officer, called the officer on the phone. So operating in a concerted plan, isn't that enough in a notice complaint? I don't think the complaint goes far enough to say that the officer had pre-planned this from the beginning to arrest him for planted evidence. In other words, the informant may have planted the evidence to get the plaintiff, but that doesn't necessarily mean that the officer had planned and set it up with the informant to have the informant plant the evidence so he could affect the arrest. I don't think that's the link that plaintiff makes in the complaint. He doesn't make that. He doesn't make that link. And I don't think that if you construe the cases that interpret this since Twombly, and I think this court's decision in Robbins, you've got to isolate the unconstitutional act that the officer committed. And I don't think that the complaint does that here. If you go to the complaint itself, plaintiff very specifically says it puts it right in the complaint in paragraph 22. Since at least 2001, the exclusionary rule has been applied to Section 1983 cases. But isn't this I'm just confused. The district court made some rulings to dismiss this action on the grounds that you that there's intervening causes for proximal cause and that there was that you you couldn't exclude evidence. Those are the issues and the ruling that was made. I don't know why we don't have to just address those. If we conclude that they're right, we affirm. If we conclude they're wrong, we reverse. And then I guess that when you get remanded, you would be perfectly free to argue to the judge that they're bringing a claim that they didn't properly preserve on the complaint. And the judge can rule on that. But I don't know that that is an issue before us because that wasn't the reason, as I understand it, that the judge reversed and dismissed anyhow. The judge reversed and dismissed for some legal reasoning, which is properly raised. Now, if you think that this is a variance from the complaint, I would think that if we remand and we don't and we agree with you, then we or rather we disagree with you. Wouldn't that then be free to re-raise later? I'm not sure I understand the court's question. Well, you're arguing that there's a variance here or that this wasn't planned. But I didn't think that was the basis for the judge's district judge's ruling. I thought the basis for this judge's ruling was there was no proximate cause and that you can't use the exclusionary rule. And those stand separate from what you're now saying that, well, the complaint alleged that this informant set him up illegally. But there's no allegation that the officer knew that she was going to set him up illegally. My point simply is that may or may not be a good claim, but we have to rule on what the district judge's rulings were. And if the district judge was wrong, we remand and you simply can raise those motions and claims that you're now arguing to us before the district court. And let's get the district court to rule on that in the first instance. So I guess I'm saying I don't see how that is a good response to the issues that we have to decide today. Well, I agree. And I think that what I'm here to I'll defend the district court's decision based on what I believe was put in the complaint. What I believe was put in the complaint was that this giving plaintiffs the benefit of the truth of all the allegations that the informant planted the evidence and that Alvarado intended to arrest him. But I don't see a link between the informant planting the evidence and Officer Alvarado having knowledge or being duplicitous in that. That's what I'm arguing, because plaintiff raised this in the brief to this court that Alvarado had somehow was responsible for this evidence being planted, which is a much different case than simply arresting him for the evidence that was found. I don't think my officer succeeds or prevails if the theory is I think it prevails on other reasons. But I don't think he prevails on the exclusionary aspect of this. If the officer was responsible for inducing or entrapping him into this arrest. So that's why I thought that I thought that the appellant was clear that they weren't trying to exclude any evidence. So I don't know why you're why you're talking now about an exclusionary matter. Right. And that's that's just happened here. He's no I think there was a fair reading in his pleadings as well. And in the complaint, he alleges that the exclusionary rule has been applied. He argued, I think, in the district court that the exclusionary rule should be applied and the evidence should be excluded. I think that's what he was arguing before. Otherwise, I'm not sure why the district court would have gone through the whole analysis of determining that. Yeah. He is saying that at the criminal case, it should have been excluded because it was false evidence. But in his civil case, he is not arguing for any application of an exclusionary rule in the civil case. That's that's I thought that was pretty clear from the appellant's argument. Right. So he wants it in. So it becomes no. Yeah. He wants the evidence in the civil case. He's not trying to get any exclusionary rule applied in his civil case. Right. And then he wants damages for what happened to him. Yeah. And I guess what and then the question is, the case law is pretty clear that if officers plant or conspire with others to plan false evidence, there may be liability. And so that's what he's saying is got to be tried and decided. I understand. I guess when I opened the argument, my my point was that I don't think that that's adequately pled. I don't think that link is made between the officer. And my only point is that I don't know that the district court ruled on that link. I if he may have and I'm inviting you to point that out to me. But I believe that that is a variance argument that wasn't raised that I know of and that you're perfectly exposed free to raise it if we disagree with the district court's rulings that are before us. And that that lack of variance or lack of clarity of pleading can be certainly discussed upon a remand if that were the way it goes. My understanding of the district court's decision was that you wouldn't exclude the evidence. In other words, the officer found the pipe and found the drugs and found the receipt for the cigarettes with plaintiff's. Birthday night. In other words, you could consider that for probable cause and there was ample probable cause to support the arrest. Therefore, there's qualified immunity. But that that then rises up to that Robinson case, which says that if the evidence is planted, you can't consider it. If it's false falsified evidence. Well, I don't want to take any more of your time. But just you proceed with your. Oh, I know. And I apologize. I may be I may be misunderstanding what the court's concern is. All I'm trying to suggest to the court is that I believe this was a theory that was not set forth in the complaint. And it becomes a different case because if he planted the evidence. Just to be just to hopefully clarify this. Was it you agree that it's a theory that's being argued now to this court? Yes. OK. And was it a theory that was argued to the district court? I believe that I don't know that it was specifically to me, it becomes a different case. And I understand. But if it wasn't argued to the district court, I think that's something we would be interested in knowing. I understand. And I think I opened by saying that in his response brief, this is where it's intimated that it was planted. But he doesn't go so far as to say that the officer knew or was responsible or was duplicitous. Well, there was a conspiracy to entrap this gentleman with the crime. I don't think that the complaint goes that far. Well, let me try to rephrase. When we review a district court's decision, typically we're reviewing decisions the district court made on the basis of arguments that were presented to the district court. And we have a decision by the district court. And now we have arguments on appeal that you're saying are new arguments, I think. My question, I just want to be clear that you're saying that those arguments were not presented to the district court and that's why the district court didn't address them. Is that your argument? That is my argument. I don't think it got there. I don't think that the plaintiff advanced that link between what the informant did or is alleged to have done in terms of setting up the plaintiff. I don't think there's a link between that and what the officer's knowledge was at the time of the arrest. So you're saying that when we look at the response to the motion to dismiss and the argument on the motion to dismiss, we will not find statements from Mr. Howell's attorneys to the effect that Alvarado was complicit in this conspiracy to plant false evidence. Right. If I'm reading it, what I think he alleges is that I'm not talking about what the complaint says. I'm talking like Judge Mathison is arguing. I'm talking about what the motion said and the argument before them on the motions to dismiss and what the plaintiff's response to the motion dismisses. You're saying when we read those documents in that transcript, we will not find allegations and statements to the district judge that the officer was complicit in an agreement with the confidential informant to plant false evidence. I don't think it gets that far. I think I think that there's an allegation that the informant was working for the officer and that it was the informant that set up the plaintiff. But I don't think there's a link between the officer like supplying the drugs or asking the informant to supply the drugs, to plant the drugs. I don't think there's I don't think that argument was advanced. And I want to I've got a minute left. I just want to touch on the causation argument. And I guess this gets to the the the aspect of why the officer can't be held responsible in this case for the fact that this gentleman was held, tried and convicted for this crime. It seems to me that if these theories were so genuine and significant that they would have been raised by his trial counsel and they weren't. None of these were. They were raised on the theory that was advanced in the trial court was a reasonable doubt theory. And it's not as though the evidence that was in existence at the time, for example, the presence of the passenger, the knowledge that she had made a telephone call right before the gentleman got pulled over, that she was let go without being searched. All of that stuff was known at the time the criminal trial advanced. It would seem to me that that would have gotten raised in a motion to suppress. And it wasn't. And there's no evidence that the officer concealed this information or suppressed evidence. And so I believe from a causation perspective that couldn't hold the officer responsible for this. Thank you. Thank you. Counsel. Please, a court in my response to the motion to dismiss your honor. And this is on page 56 of the appendix in the second paragraph. The last full sentence, Mr. Alvarado intended to stop Mr. Howe on a pretextual basis and maliciously involved probable cause arrest him for alleged narcotics that were the sole property of Alvarado's informant, Randy Medina. So so what is the key? There was the word on a pretextual basis. You're saying that the allegation was not simply call me so we can arrest him, but call me so we can arrest him on a pretextual basis. That's right. And on page 55, we know that even under the Towns case, 1983 claim for damages can be brought for malicious prosecution. We on page 48 of the appendix, we allege Brandy Medina was working as an informant for Mr. Alvarado again on page 47. We allege Alvarado intended to falsely arrest and accuse Mr. Howe of criminal activities that were the sole responsibility of Medina. Counsel, can I just clarify? So you have listed where you believe you raised the theory that you're arguing today, but you are just tell me what the district court did. It just missed the theory. I mean, I think that was your earlier answer. But is that the court below just didn't pick up on your theory? That's correct, Your Honor. And this is on page 70 of the appendix. The district court states the basis of Mr. Howell's 1983 claim is that he was arrested, detained, convicted, sentenced, incarcerated based upon evidence that should have been suppressed. So that's what they were. And once the court went down that route, it was all over basically. That's right. That's right. And then on page 71, the court says in the civil action, Mr. Howell essentially seeks application of the exclusionary rule, notwithstanding reasonable suspicion of a stop. So the district court misinterpreted the complaint and that's why we're here. Thank you. Thank you, counsel. Yes, Your Honor. Thank you, counsel, for your arguments. The case will be submitted and counsel are excused.